MoIlvaine, J.
It is claimed by plaintiff’ in error that the court at special term erred in sending the case, on the motion of the plaintiff below, and without the consent of the defendant, to a referee for trial, and that such reference was made in violation of the right of the defendant to a trial by jury.
On the other hand it is claimed, in the first place, that the action was not one in which either party could of right demand a jury either before or after issue joined. In this view of the defendant in error we can not concur. In an action for the recovery of money, wherein no relief other than a money judgment is prayed for, either party may demand a jury, notwithstanding numerous items of account, or of claim and counter-claim, be embraced in the issue *379 joined-or tendered. Code of Civil Procedure, secs. 263, 598; also, Johnson v. Wallace et al., 7 Ohio (pt. 2), 62.
By section 876 cf the code, it is provided, however, that the court may, in any action where the taking of an account, or the proof of a fact, or the assessment of damages, is necessary to enable the court to pronounce judgment upon failure to answer, refer the same to a referee on the motion of the party not in default. At the time the order of reference was made in this case, the defendant was in default of answer, and no jury was demanded.by it at that or at any other time during the pendency of the action. It is true that it objected to the reference, and at the same time obtained leave to answer at a future day. And it may be conceded that it was irregular under such circumstances to order a reference. But. we think that it does not necessarily follow that a judgment thereafter rendered in the case, on the report of a referee, against the defendant, must for such reason be reversed. To test the question whether such practice is, per se, fatally erroneous, let us suppose that the defendant, relyirg upon his objection to the order of reference, had not answered within the leave granted, and had not afterward appeared in the case, to demand a jury, under section 598 of the code. In such case it is quite clear to our minds that the order of reference would have stood well, under section 376 of the code, and the judgment on the report could not be disturbed.
In the case before us, however, the answer was filed within the rule granted, and upon it, issues of fact were joined. The defendant, however, instead of demanding a trial by jury, appeared before the referee, and without further protest or objection to his jurisdiction, fully, and we think voluntarily, submitted its cause to him for adjudication. Having thus embraced and enjoyed an opportunity of obtaining a favorable decision from the referee, we think it. clearly right that it should be held to have waived its objection to the manner in which the reference was made, and also its right to demand a jury for said trial.
2. It is also claimed that the court below, at special term, *380 erred in overruling the motion to recommit the report of the referee, so as to enable the defendant to except to his findings of fact, and to tender a bill of exceptions for his allowance.
The ground upon which this motion was urged was that the defendant had no knowledge of the findings in the report until after it was filed, and had no opportunity of taking exceptions. On the hearing of the motion testimony was heard, and a bill of exceptions taken setting it out. From the testimony it appears that defendant’s counsel stated professionally that he did not see the report until after it was filed, and had no opportunity before the filing to move the referee for a new trial, or to set out the whole of the testimony in a bill of exceptions. The referee, however, testified that in the morning of the day the report was filed, he informed defendant’s counsel that the report was ready to be filed. That the counsel expressed a wish that he would retain the report three or four days, until certain parties could be consulted, but was told by the referee that if the plaintiff desired it, the report would be filed at once.
An opportunity should certainly be afforded to the parties by the referee, before filing his report, to examine it, and to tender, if desired, a bill of exceptions for his allowance, so that such facts as might be necessary to protect them against the consequences of errors committed on the trial, may be placed on the record. But we can not say that the court erred in finding, from this testimony, that such opportunity had been afforded the defendant in this case. For aught that appears, prompt action on the part of the defendant would have enabled it to place its exceptions in tbe hands of the referee before the report was filed. The cause had been finally submitted to the referee more than a month before the report was filed. No notice was given to the referee that exceptions would be taken or a bill tendered in any event, nor was any request to see the report made. "When counsel was informed that the report was ready to be filed, it does not appear that even an inquiry was made as to the result of the trial.
*381 The referee was not hound to retain the report for days until parties could be consulted, but, on the other hand, it was the duty of the defendant to be ready to except. Had notice been given that an exception was desired, no doubt a reasonable time to prepare a bill would have been allowed by the referee.
3. Did the court below err in overruling the exceptions to the report, or in refusing to grant a new trial ?
The exceptions and the grounds for a new trial were identical. The first, which related to the order of reference, we have already considered. The others, in so far as they relate to matters of fact found by the referee, can not be considered here, for the reason that the testimony upon which they were found is not embodied in the record. The fourth exception, namely, that the referee erred in charging the defendant interest on monthly balances in a running account, relates, however, to matter appearing in the report. It appears that the referee found that the salary of the plaintiff became due and payable monthly, and interest was allowed upon each month’s salary from and after maturity. In this we do not find any error. But it further appears that, in stating the account between the parties, the referee made annual rests at the end of each calendar year. And having found the balance due at the end of each year (including interest), he carried the same into the statement for the ensuing year, and allowed interest thereon to the party in whose favor the balance was found. As to this mode of calculating interest, the referee reports: “ This is the mercantile method. There is good authority for it, and it is perfectly fair.” By this we understand that the method' was adopted by the referee, not because of any proof or facts shown in the case, but because it was authorized by the laws of the state. In this we think there was error. It is a method of compounding interest, and is not sanctioned by the laws of this state. But inasmuch as the finding of this error would not, if the ease were on the general docket, result in the reversal of the whole judgment, but only to the extent that usury has *382 been allowed, and the defendant in error now offers to remit any excess that may be found in the report and judgment, leave may be taken by the defendant in error to enter a remittitur for such excess on the record in the court below. And if done within thirty days, this motion for leave to file petition in error will be overruled.
We find no other error in the record.